COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


NATHAN B. KIRK
                                    MEMORANDUM OPINION* BY
v.          Record No. 2735-97-4    JUDGE DONALD W. LEMONS
                                        DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Michael P. McWeeny, Judge

            Jean H. Im, Assistant Public Defender (Office
            of the Public Defender, on brief), for
            appellant.

            Jeffrey S. Shapiro, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Nathan B. Kirk appeals his conviction for obtaining property

by false pretenses alleging that the trial court improperly

instructed the jury on the elements of that offense.  Finding no

error, we affirm his conviction.

     On June 13, 1995, appellant verbally presented a purchase

order number to James Payne, an employee in the parts department

of OurisMan Toyota car dealership.  Payne then gave Kirk a

compact disc player and generated a receipt that was signed by

Kirk.  Payne testified that he knew Kirk was employed by Farrish

Oldsmobile and that he had done business with him in the same

capacity on at least three or four prior occasions.  Payne

testified that he believed Kirk was giving him a valid purchase

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

order number and that he gave him the compact disc player on that basis.

John Holcombe, employed as a parts manager by Farrish Oldsmobile, testified that he did not pay the bill from OurisMan Toyota for the compact disc player because the Oldsmobile dealership never received the item. Farrish Oldsmobile had no record of the purchase order number that Kirk provided to Payne.

Kirk was charged with obtaining property by false pretenses, a violation of Code § 18.2-178. At the conclusion of the evidence at his jury trial, Kirk requested the following instruction:

> Nathan Kirk is charged with the crime of obtaining property by false pretense or token. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1)  that Mr. Kirk made false representations of existing facts or past events to Fairfax OurisMan Toyota; and
>
> (2)  that Mr. Kirk made such representations with the knowledge of their falsity; and
>
> (3)  that the representations were made with the intent to defraud; and
>
> (4)  that the false representations were used for the purpose of perpetrating the fraud; and
>
> (5)  that an actual fraud occurred; and
>
> (6)  that the false pretenses induced the owner to part with the property; and
>
> (7)  that both the title and possession of the property passed from the owner to Mr. Kirk; and

> (8)   that the property received was worth
>       $200.00 or more.
>
> If you find from the evidence that the
> Commonwealth has proved beyond a reasonable
> doubt each of the above elements of the
> offense as charged, then you shall return a
> verdict of guilty, but shall not fix
> punishment until you have received further
> instructions from the Court.
>
> If you find from the evidence that the
> Commonwealth has failed to prove beyond a
> reasonable doubt any one or more of the
> elements of the offense, then you shall find
> the defendant not guilty.

The court granted the requested instruction, but deleted paragraph (4) finding that it was duplicative of paragraph (3). The jury found Kirk guilty of obtaining property by false pretenses, and the court affirmed the jury's verdict. Kirk maintains that removal of paragraph (4) from the instruction resulted in an incomplete instruction and denied him a fair trial.

> In order to sustain a conviction for larceny
> by false pretenses, the Commonwealth must
> prove:  "(1) an intent to defraud; (2) an
> actual fraud; (3) use of false pretenses for
> the purpose of perpetrating the fraud; and
> (4) accomplishment of the fraud by means of
> the false pretenses used for the purpose,
> that is, the false pretenses to some degree
> must have induced the owner to part with his
> property."

Bourgeois v. Commonwealth, 217 Va. 268, 272, 227 S.E.2d 714, 717 (1976) (citation omitted).

> In this context, the false pretense must be a
> representation as to any existing fact or
> past event.  But merely showing that the
> accused knowingly stated what was false is
> not sufficient; there must also be proof that

> his intent was to defraud.  Furthermore, the
> fraudulent intent must have existed at the
> time the false pretenses were made, by which
> the property was obtained.

Reigert v. Commonwealth, 218 Va. 511, 518-19, 237 S.E.2d 803, 807-08 (1977) (citations omitted).

In order for the jury to convict the defendant, the instruction given by the trial judge required proof beyond a reasonable doubt that:  (1) Kirk made a false representation of a past event or existing fact; (2) Kirk had the intent to defraud Ourisman Toyota when the false representations were made; (3) because of the false representations, Ourisman Toyota parted with title to and possession of the property; and (4) the value of the property was over $200.

A trial court has a duty to avoid giving redundant or repetitive instructions.  See League v. Commonwealth, 9 Va. App. 199, 210, 385 S.E.2d 232, 239 (1989).  All of the elements necessary for a conviction of obtaining property by false pretenses were contained in the instruction.  Although the trial court deleted paragraph (4), finding that it was duplicative of paragraph (3), paragraph (4) ("that the false representations were used for the purpose of perpetrating the fraud") was actually duplicative of paragraph (6) ("that the false representations induced the owner to part with the property"). It was properly removed from the instruction.  The jury was instructed on all elements of the offense.

The conviction is affirmed.

<u>Affirmed</u>.